FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 10 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOUGLAS G. SCHEITLIN, an individual, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> FREESCALE SEMICONDUCTOR, INC., a Delaware corporation, <br><br> Defendant - Appellee. | No. 10-16347 <br><br> D.C. No. 2:08-cv-02342-FJM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted December 6, 2011[**]
San Francisco, California

Before: TROTT and BEA, Circuit Judges, and PALLMEYER, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Rebecca R. Pallmeyer, District Judge for the U.S. District Court for Northern Illinois, sitting by designation.

Douglas Scheitlin appeals the district court's dismissal on summary judgment of his claim that he was terminated by Freescale Semiconductor, Inc. ("Freescale") in violation of the Age Discrimination in Employment Act ("ADEA"). As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's grant of summary judgment de novo. Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm the decision of the district court.

Under the ADEA, the plaintiff bears the burden of proving that "age was the 'but-for' cause of the challenged adverse employment action." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 129 S. Ct. 2343, 2352 (2009). The district court properly concluded that Scheitlin failed to raise a genuine issue of material fact in either his age discrimination or retaliation claim.

As the district court recognized, nothing in the record supports Scheitlin's assertion that the employee selected to replace him was unqualified to assume his position. Scheitlin's "subjective personal judgments of [his] competence alone do not raise a genuine issue of material fact." Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270 (9th Cir. 1996).

2

The comments made by Freescale's Chief Executive Officer at a meeting eight months prior to Scheitlin's termination were stray remarks unrelated to the challenged adverse actions and "are insufficient to establish discrimination." Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438 (9th Cir. 1990). Nor does a manager's truthful acknowledgment that Scheitlin's replacement was younger and less experienced constitute evidence that age was the reason Scheitlin was chosen for redeployment.

None of the remaining evidence suffices to create a genuine dispute as to whether Freescale's legitimate rationale for selecting Scheitlin for redeployment and then terminating him was "internally consistent or otherwise not believable." Noyes v. Kelly Servs., 488 F.3d 1163, 1170 (9th Cir. 2007) (quotation marks omitted).

AFFIRMED.